IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERSON SEVERE DALICIER, | : | Civil No. 1:24-CV-01737 |
| Plaintiff, | : | |
| v. | : | |
| MEMBERS 1ST FCU, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the report and recommendation of Chief United States Magistrate Judge Daryl F. Bloom recommending that Plaintiff's complaint be dismissed because Plaintiff fails to state a claim. (Doc. 7.) Chief Judge Bloom also recommends that the court issue a show cause order to require Plaintiff to show why he should not be enjoined from bringing future claims regarding the denial of credit applications without paying the filing fee. (*Id.* at 9–12.)[1] Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) and applicable Third Circuit precedent, Chief Judge Bloom states that a prefiling injunction is appropriate to prevent the "continuous abuse of the judicial process by filing meritless and repetitive actions." (*Id.* at 9 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).)

Chief Judge Bloom applies the Third Circuit's three-factor test for determining whether a prefiling injunction is appropriate. (*Id.* at 9–10.) First, the

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

report and recommendation finds that Plaintiff has clearly abused the judicial process by filing at least 29 cases in 2024 claiming that he was wrongfully denied credit and loans, more than half of which have been dismissed. (*Id.* at 10.) This, Chief Judge Bloom concludes, shows that Plaintiff's "repetitive and excessive filings constitute an abuse of the judicial process and should subject him to a prefiling injunction." (*Id.*) Second, a prefiling injunction can be narrowly tailored to limiting only cases involving allegations of the wrongful denial of credit where Plaintiff seeks to proceed *in forma pauperis*, thus, ensuring Plaintiff's right of access to the courts. (*Id.* at 10–11.) Lastly, "by issuing an order directing [Plaintiff] to show cause why such an injunction should not be entered against him, we are preserving his due process rights, giving him notice of the impending sanction and an opportunity to be heard." (*Id.* at 11.)

Plaintiff filed a two-page "response to order to show cause regarding pre-filing injunction," which the court will liberally construe as an objection to the report and recommendation. (Doc. 8.) Therein, without citation to any legal authority, Plaintiff argues that his current complaint has merit and that a prefiling injunction requiring payment of the filing fee would create a "significant financial barrier" for him, which would effectively deny him "access to the courts to address potential future instances of discrimination." (*Id.* at 2.) Thus, Plaintiff requests that the court deny the issuance of a prefiling injunction against him. (*Id.*)

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

The court has reviewed Chief Judge Bloom's report and recommendation and finds no clear error or manifest injustice on the face of the record. Plaintiff's objections merely express disagreement with Chief Judge Bloom's analysis and the court finds substantial support for the issuance of a show cause order.

Accordingly, Plaintiff's objection will be overruled, the report and recommendation will be adopted, and a show cause order shall issue. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: January 31, 2025